UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

JEREMY PHILLIPS,

        Plaintiff,

v.

CHIPPEWA CORRECTIONAL FACLITY
MEDICAL STAFF et al.,

        Defendants.
_____/

Case No. 2:22-cv-45

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Chippewa Correctional

Facility Medical Staff, Corizon Medical Staff, and Unknown Parties named as medical staff for Corizon at URF.

Plaintiff's complaint consists of vague allegations that medical staff did not adequately respond to his complaints following an appendectomy in August of 2021. Plaintiff alleges on August 23, 2021, he felt that something was wrong and noticed that a thread was exposed from the surgical site of his recent appendectomy. Plaintiff submitted a health care request and was checked by a few nurses, who told Plaintiff that there was nothing they could do. Plaintiff asserts that he was suffering from an infection as a result of his surgery, but that URF medical personnel refused to address this issue. Plaintiff states that he was continuously offered medication that had not been proven to help those recovering from having their appendixes removed.

Plaintiff states that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

2

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Eighth Amendment**

As noted above, Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical

3

care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay

4

in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605

5

(6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

In this case, Plaintiff appears to be claiming that he sustained an infection following his appendectomy and that Defendants refused to provide him with adequate treatment. Plaintiff concedes that he received some treatment for his condition, but it appears that Plaintiff believed that the medication that Defendants "continuously tried to offer him" was not the proper

6

medication for him to receive after his surgery. However, Plaintiff's "disagreement with his physicians [or other medical providers] over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah*, 865 F.3d at 372 (citations omitted); *Mitchell*, 553 F. App'x at 605 ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)).

Moreover, Plaintiff's allegations of wrongdoing are vague and entirely conclusory. Although Plaintiff alleges in a conclusory manner that he had "pain in the area [in] which the wound occurred from having surgery" and that he believed he "had an infection" (Compl., ECF No. 1, PageID.6), Plaintiff fails to make specific allegations regarding the symptoms he believes showed he had an infection, the nature of the medication he was given, or the ultimate outcome of his treatment. Nor does Plaintiff actually name any individual Defendant. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for retaliation." (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011))). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each

alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed.

### III. Motion to Appoint Counsel

Plaintiff has filed a motion seeking the appointment of counsel (ECF No. 3). Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.

Moreover, because Plaintiff's complaint fails to state a claim upon which relief may be granted, his pending motion is properly denied as moot.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  May 9, 2022                                  /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge